## BEACH *v.* WORKMAN.

It is irregular, in taking depositions, to adjourn from the place where the adverse party has been served with notice to attend, to another place, in the absence of such party.

Foreign laws must be proved as facts; and a gazette, purporting to contain copies of such laws, is not evidence that such laws exist.

The court will not recognize, without proof, the private seal of the governor of a province.

TRESPASS, for seizing, taking and driving away 52 sheep of the plaintiff, of the value of $100, at a place called

Hereford, in the Province of Canada, to wit, at Lancaster, keeping and detaining the same six days, and injuring them. The defendant pleaded the general issue, with a brief statement, that he, being a preventive officer of the Queen, resident in Canada, duly authorized to seize, &c., goods liable to forfeiture under the laws of that province relating to customs, &c., seized the said sheep, because, by the laws of Canada, the importation of sheep was prohibited, unless imported into a port of entry at which there was a custom-house, and there entered and a duty paid; and these sheep were found in Hereford, having been there lately imported into said province from the United States, Hereford not being a port of entry, and the sheep not having been entered or the duty paid, and so being liable to seizure as forfeited, and said Workman, as preventive officer, and O'Conner as his assistant, seized and drove them to the collector at Compton, in said Canada, the nearest port of entry, and delivered them to him, as required by the laws of Canada; and such proceedings were thereupon had that said sheep were adjudged forfeited, which is the same trespass, &c.

The defendant introduced the deposition of Robert Vincent, to show that said sheep were delivered to him as collector, by the defendant Workman. This deposition was taken by B. Pomroy and A. W. Kendrick, esquires, who were separately appointed commissioners by this court, but they acted jointly in taking this deposition. The deposition was taken *ex parte.* The plaintiff was cited to attend the taking at the school-house, at Compton Center, on the 18th of September, 1847, at 10 o'clock, A. M., and it appeared that the caption was adjourned to another time and place, and it was not stated in the caption at what hour the deposition was taken. The deposition was objected to for these reasons, but was admitted.

The defendant, to prove an act of parliament of Great Britain relating to duties, &c., offered the Canada Gazette,

which purported and was proved by a witness to be a paper published by the government of the province, and which was proved to be distributed by that government to its officers, for their guidance, containing statutes, proclamations, appointments, &c. The plaintiff objected to it as evidence of the statutes of a foreign government, but it was admitted.

The affidavit of a clerk in the custom-house department at Montreal was offered to prove the loss of a certificate of the taking of the oath of office by Workman as a preventive officer. It purported to be sworn to before a justice of the peace in Canada. It was proved by one of the defendant's witnesses, who was conversant with the law of Canada, that justices of the peace have by that law no authority to administer oaths, except in certain special cases. The defendant objected to the admission of said affidavit for that reason, but the court received it. The defendant offered what purported to be his original commission from the governor of Canada, and under what was described as the private seal of the governor, and not the seal of the province. The plaintiff objected to its admission for this reason, and also for the reason that it appeared to be recorded, and that a duly certified copy from the records was the proper evidence; but the court admitted it. No evidence was offered in support of the allegation in the brief statement, that such proceedings were had that the sheep were adjudged forfeited.

The jury found a verdict for the defendant, which the plaintiff moved might be set aside for the foregoing exceptions, and a new trial granted.

*Fletcher*, for the plaintiff, cited Co. Litt. 616; Com. Dig., Attorney, C, 11; 2 B. & P. 31; 1 do. 242; 7 N. H. 253; 1 Gr. Ev., sec. 488; 5 Wend. 375, 384, 389; 3 Pick. 293; 15 Me. 347; 20 Me. 299; 6 Wend. 275; 3 E. 222.

*Bellows*, for the defendant, cited 3 Stark. 178; 14 E. 176.

Beach *v.* Workman.

GILCHRIST, C. J. Several exceptions which have been taken to the verdict in this case will require to be considered.

The first is, that the caption of the depositions, notified to the plaintiff to be at a certain place, was, in his absence, adjourned to another place. The statute requires of the party proposing to take depositions, to give notice to the opposite party of "the day, hour and place of taking the same;" and that the magistrate shall, with the certificate of the taking of the depositions, certify the time and place of the proceedings. The object in requiring such notice to be given very plainly is to enable the adverse party to attend; and if, having repaired to the place indicated in the notice, the party taking the testimony were permitted to adjourn forthwith to another place, it is quite obvious that it would be in his power wholly to defeat that object. He has the power of selecting the place, and should avail himself of it, so far as to make choice of one suited to his occasion, and where he can carry into effect his lawful purposes. If it were to be conceded that he might, for any sudden and imperative event, rendering it impossible for him to remain at the place notified till the taking of his depositions should be completed, remove to another for that purpose, no such cause for removal appears in this case, and the proceedings must, by reason of the unauthorized removal, be held to be irregular.

It is, therefore, unnecessary to inquire whether the joining of the two commissioners in the act of taking the testimony was an irregularity, although an unusual course.

Another exception relates to the proof of an act of the parliament of Great Britain by the Canada Gazette, a paper proved to be published by the government of the province for the use and guidance of the officers of the various departments. As to the proper evidence for proving a foreign law, we cite the opinion of the Supreme Court, as delivered by Chief Justice *Marshall*, in *Church* v.

*Hubbart*, 2 Cranch 187. "Foreign laws are well understood to be facts which must, like other facts, be proved to exist, before they can be received in a court of justice. The principle that the best testimony shall be required which the nature of the thing admits of, or in other words, that no testimony shall be received which pre-supposes better testimony attainable by the party who offers it, applies to foreign laws as it does to all other facts. The sanction of an oath is required for their establishment, unless they can be verified by some other such high authority, that the law respects it not less than the oath of an individual." To the same effect are the other authorities. *Talbot* v. *Seeman*, 1 Cranch 28; *Consequa* v. *Willing*, Peters C. C. 225; Gr. Ev., sec. 487.

It is scarcely necessary to remark that the foreign laws, purporting to be copied in the Gazette used at the trial, were neither established by the oath of a witness, nor the seal of a State, nor by any other authority which the law respects not less than the oath of an individual. The Gazette was evidence of nothing that was in issue in the cause, and was, therefore, improperly admitted.

The commission of the defendant was not proved by the seal of the governor. The great seal of a State, the *clavis regni*, is recognized by courts, and proves itself, as was held in an anonymous case, 9 Mod. 66, and has been repeatedly held since. 1 Gr. Ev. 6. The seals of notaries public are not required to be proved, "for that," said Lord Chief Justice *Holt*, in an anonymous case in 12 Mod. 345, "would destroy commerce;" and the same practice has since prevailed. *Browne* v. *Philadelphia Bank*, 6 S. & R. 484. Upon the same grounds the seals of foreign admiralty and maritime courts need not be proved. Those courts, like the notarial office, are recognized every where among civilized nations, and in the language of Mr. Justice *Washington*, "all the world are parties in an admiralty cause." *Croudson* v. *Leonard*, 4 Cranch 434.

But no authority or example is found for attaching such importance to the private seal of a governor of a province. The person who holds it may at any moment be displaced, and succeeded by one whose seal, of course being his own, would be different. We cannot take judicial notice of anything so transient in its nature.

If, upon evidence, it appeared that the governor of Canada had power by law to constitute the officer in question by a commission under his private seal, the appointment would be capable of being proved, perhaps, by producing the commission, with the proper evidence of its ensealment and delivery, and without resorting to copies from the records.

For the reasons that have been assigned, the verdict must be set aside, and a

*New trial granted.*